UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYMOND ANKNER, CJA AND ASSOCIATES, INC., RMC PROPERTY & CASUALTY, LTD., and RMC CONSULTANTS, LTD.,

    Plaintiffs,

v.    Case No: 2:21-cv-330-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.

_____

CJA AND ASSOCIATES, INC.,

    Plaintiff,

v.    Case No: 2:21-cv-331-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.

_____

RMC PROPERTY & CASUALTY, LTD.,

    Plaintiff,

v.    Case No: 2:21-cv-333-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.

_____

RMC CONSULTANTS, LTD.,

    Plaintiff,

v.    Case No: 2:21-cv-334-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion to Exclude Expert Testimony (Doc. #82) filed on November 3, 2023. The government filed a Response in Opposition (Doc. #92) on December 1, 2023, and plaintiffs filed a Reply (Doc. #100) on December 19, 2023. For the reasons set forth below, the motion is denied.

**I.**

The Court applies federal law to determine the admissibility of expert testimony. Hendrix ex rel. G.P. v. Evenflo Co., Inc., 609 F.3d 1183, 1193 (11th Cir. 2010). Admission of expert opinion evidence is governed by Fed. R. Evid. 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702 (eff. Dec. 1, 2023). In <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999) and <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579 (1993), the Supreme Court held that the trial court has a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." <u>United States v. Frazier</u>, 387 F.3d 1244, 1260 (11th Cir. 2004) (*en banc*).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. <u>Frazier</u>, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." <u>Club Car, Inc. v. Club Car (Quebec) Imp., Inc.</u>, 362 F.3d 775, 780 (11th Cir. 2004), <u>abrogated on other grounds by</u> <u>Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.</u>, 593 F.3d 1249, 1258 n.7 (11th Cir. 2010). In short, "the expert must be qualified; his methodology must be reliable; and his testimony must be helpful to the trier of fact." <u>Doe v. Rollins Coll.</u>, 77 F.4th 1340, 1347 (11th Cir. 2023). "The proponent of the expert testimony bears the burden of establishing each requirement by a preponderance of the evidence...." <u>Id.</u> "Even expert testimony which satisfies these three requirements,

however, may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming." Frazier at 1263. The admission of expert testimony is a matter within the discretion of the trial court. Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258.

**II.**

Plaintiffs seek to exclude the testimony of defendant's three experts. Plaintiffs argue that Akos Swierkiewicz and Roberta J. Garland have failed to demonstrate that their credentials would qualify them to act as experts in this type of case or to support their opinions, and their opinions are based on unreliable information. Plaintiffs also argue that their opinions, as well as those of a third expert, Mark F. Meyer, Ph.D., fail to address any issues relevant to the case on the issue of falsity. In response, the government states:

> Our experts will explain to the jury what these technical concepts mean in the insurance industry, as the jurors cannot be expected to walk into trial understanding these matters. The jury will also be able to apply these concepts to Plaintiffs' micro-captive program after hearing how industry professionals would do so. For example, the experts will help the jury evaluate whether Plaintiffs' microcaptive program adequately distributed risk by explaining the concepts of insurance

> layering (i.e. primary, excess, and reinsurance policies) and if premiums were appropriately priced by evaluating the actuarial work. Once jurors understand how to apply the criteria, they will be able to determine whether Plaintiffs' micro-captive arrangement constitutes insurance and, subsequently, whether Plaintiffs made false statements about the tax benefits of those micro-captives.

(Doc. #92, p. 3.) In reply, plaintiffs argue that the anticipated testimony is not relevant and would ultimately confuse the jury because none of the experts considered the truthfulness or falsity of any of the statements. (Doc. #99, pp. 3-4.)

### A. Swierkiewicz

Akos Swierkiewicz was retained by the U.S. Department of Justice to analyze whether the captive insurance policies in this case include risk shifting and risk distribution, cover insurable risk, and comport with commonly accepted notions of insurance, industry standard principles for underwriting, and industry standards for pricing. Swierkiewicz has over 50 years of experience in property and casualty insurance and reinsurance underwriting, management, company startup, marketing and product research and development. Swierkiewicz founded his own company 23 years ago to provide consulting and outsourcing, including evaluation of captive insurance and reinsurance transactions for the IRS and U.S. Department of Justice and acting as an expert witness. Swierkiewicz has testified as an expert witness in other

proceedings (Doc. #82-1, pp. 3-4, 55) and has been recognized as an expert witness on the underwriting of a micro-captive insurance company.

The government anticipates that Swierkiewicz will opine on insurable risk and risk distribution. While he is not a tax expert or qualified to opine on tax-related penalties, or the captive or micro-captive insurance industry specifically, he is qualified to give opinions as to risk, which is the asserted expertise.

**B. Garland**

Roberta J. Garland was retained by the U.S. Department of Justice Tax Division to evaluate the micro-captive and reinsurance arrangements that Ankner and his businesses created and sold to various customers in 2010-2016. Garland meets the Qualification Standards of the American Academy of Actuaries to render the actuarial opinion and currently runs Garland Actuarial LLC founded in 2002. Garland has a B.A. in Mathematics from Fordham University and has taken graduate classes in Applied Mathematics. Garland began consulting at Arthur Andersen in 1992, providing independent reserve analyses and Statements of Actuarial Opinion for insurance companies and reinsurers. Garland has served as an expert witness for the IRS. (Doc. #82-4, pp. 2, 6-7.)

The government expects Garland to use her actuarial expertise in pricing insurance policies to help the jury evaluate whether

- 6 -

the premiums charged by plaintiffs' micro-captive companies were reasonable and determined according to actuarial principles.

Plaintiffs do not take issue with either Swierkiewicz or Garland's qualifications as experts in their own fields. (Doc. #100, p. 6.) Rather, it is the lack of reliability of their testimony on the captive insurance industry and the failure to use scientific knowledge which Plaintiffs argue dooms their testimony. The government responds that the testimony is necessary to help the jury to understand the insurance industry, and plaintiffs also have an actuary expert witness and directly address their micro-captive program.

### C. Meyer

Mark F. Meyer was retained by the U.S. Department of Justice Tax Division to examine and analyze the structure and economic characteristics of the captive insurance program designed, established, marketed, and managed by plaintiffs. Meyer received his Ph.D. in economics from the University of Michigan in 1987, with concentrations in industrial organization and econometrics. Meyer is a Vice-President in the Finance Practice at Charles River Associates, a global consulting firm providing economic and financial advice. Meyer's current work focuses on the insurance business and risk transfer products and pricing. Meyer has

submitted expert disclosures and reports on behalf of the IRS. (Doc. #82-5, pp. 9-10.)

Plaintiffs' only argument as to Meyer is relevance. Plaintiffs argue that the testimony is not relevant because the sole issue is whether plaintiffs "made or caused someone to make a statement concerning the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement, which the person knows or has reason to know is false or fraudulent as to any material matter." (Doc. #82, p. 15.) Plaintiffs argue that the opinions focus instead on the validity of a micro-captive program formed by plaintiffs' clients. (Id.) The government argues that the testimony is relevant because the jury must evaluate whether the micro-captive insurance companies qualify as insurance for federal tax purposes to determine if the identified statements are false. (Doc. #92, pp. 8-9.)

The Court finds that the captive insurance program is clearly relevant to both the case in general and to the issue as formulated by Plaintiffs in particular. The Court finds no basis to preclude such evidence. The Court finds that all three witnesses satisfy the threshold requirements for expert testimony. The deficiencies in their opinions are matters for cross-examination and go to the

weight of the evidence and not its admissibility.  The motion to exclude testimony form Swierkiewicz, Garland, and Meyer is denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Exclude Expert Testimony (Doc. #82) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of February 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record