```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

RAYMOND ANKNER, CJA AND
ASSOCIATES, INC., RMC
PROPERTY & CASUALTY, LTD.,
and RMC CONSULTANTS, LTD.,

        Plaintiffs,

v.                                   Case No:  2:21-cv-330-JES-NPM

UNITED STATES OF AMERICA,

        Defendant.

_____

CJA AND ASSOCIATES, INC.,

        Plaintiff,

v.                                   Case No:  2:21-cv-331-JES-NPM

UNITED STATES OF AMERICA,

        Defendant.

_____

RMC PROPERTY & CASUALTY, LTD.,

        Plaintiff,

v.                                   Case No:  2:21-cv-333-JES-NPM

UNITED STATES OF AMERICA,

        Defendant.

_____

RMC CONSULTANTS, LTD.,

        Plaintiff,

v.                                   Case No:  2:21-cv-334-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.

---

**OPINION AND ORDER**

This matter comes before the Court on cross motions for summary judgment. The United States' Motion for Partial Summary Judgment (Doc. #83) and plaintiffs' Motion for Summary Judgment (Doc. #84) were both filed on November 3, 2023. Responses (Docs. #93, #105) and Replies (Docs. #104, #109) were filed thereafter. For the reasons set forth below, both motions are denied.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (quoting Anderson, 477 U.S. at 251).

2

The principles governing summary judgment do not change when the parties file cross-motions for summary judgment. See Am. Bankers Ins. Grp. v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005). Cross-motions for summary judgment are to be treated separately, "view[ing] the facts 'in the light most favorable to the non-moving party on each motion.'" Cowen v. Sec'y of Ga., 22 F.4th 1227, 1231 (11th Cir. 2022) (quoting Chavez v. Mercantil Commercebank, N.A., 701 F.3d 896, 899 (11th Cir. 2012)). Ultimately, "[w]hen parties jointly move for summary judgment, the court has three options: granting summary judgment for the plaintiff under the defendant's best case, granting summary judgment for the defendant under the plaintiff's best case, or denying both motions for summary judgment and proceeding to trial." FCOA LLC v. Foremost Title & Escrow Servs. LLC, 57 F.4th 939, 959 (11th Cir. 2023).

## II.

Plaintiff Raymond Ankner (Ankner) is the CEO and sole beneficial owner of the three other plaintiffs - CJA and Associates, Inc. (CJA), RMC Property & Casualty, Ltd. (RMC Property), and RMC Consultants, Ltd. (RMC Consultants). (Doc. #83, ¶ 1.) Ankner asserts that he and his entities are "in the business of selling, designing, operating, implementing, and managing insurance and other products." (Doc. #30, ¶ 14.) The United States asserts that "Ankner and his companies designed,

3

sold, and managed a plan to avoid federal income taxes through unlawful deductions for supposed 'insurance premiums'" in connection with micro-captive insurance programs.[1] In due course, Plaintiffs were assessed penalties under 26 U.S.C. § 6700 for making false or fraudulent statements in connection with their captive insurance activity.[2] Each plaintiff paid the required portion of the penalty which allowed them to sue for a refund.

---

[1] As stated in CIC Services, LLC v. Internal Revenue Serv., 593 U.S. 209 (2021):

> A micro-captive transaction is typically an insurance agreement between a parent company and a "captive" insurer under its control. The Code provides the parties to such an agreement with tax advantages. The insured party can deduct its premium payments as business expenses. [] And the insurer can exclude up to $2.2 million of those premiums from its own taxable income, under a tax break for small insurance companies. [] The result is that the money does not get taxed at all. That much, for better or worse, is a congressional choice. But no tax benefit should accrue if the money is not really for insurance—if the insurance contract is a sham, which the affiliated companies have entered into only to escape tax liability. And according to the IRS, some micro-captive transactions are of that kind.

CIC Services, LLC v. Internal Revenue Serv., 593 U.S. 209, 213-14 (2021) (internal citations omitted). Captive insurance has received recent interest in Florida. See Amanda Luby, *What Every Business Lawyer Needs to Know About Captive Insurance and Why It Matters in Today's Hardening Insurance Market*, Vol. 98, No. 2, THE FLA. B.J., March/April 2024, at 45-49.

[2] A delegate of the Secretary of the Treasury assessed civil penalties of $113,719.03 against Ankner, $815,697.87 against CJA,

4

Section 6700 provides in pertinent part that "any person who" "organizes (or assists in the organization of)" "any investment plan or arrangement," or "any other plan or arrangement" and "makes or furnishes or causes another person to make or furnish (in connection with such organization or sale)" "a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of" "participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter" is subject to a civil penalty.  26 U.S.C. § 6700(a)(1)(A), (2)(A).  The Tax Code also imposes a civil penalty on any person who "participates (directly or indirectly) in the sale of any interest in an entity or plan or arrangement referred to in subparagraph (A)."  26 U.S.C. § 6700(a)(1)(B).

In an Amended Complaint (Doc. #30), Ankner, CJA, RMC Property, and RMC Consultants (collectively the RMC Group) assert that

> The facts do not support the following required elements for the imposition of a penalty under IRC section 6700: (i) that Mr. Ankner organized a partnership or other entity, an investment plan, or other plan or arrangement, (ii) that statements were made by Mr. Ankner, (iii) that any of the statements allegedly made by Mr. Ankner were about the allowability of any deduction or other tax benefit, (iv) that any alleged statements were false or fraudulent, (v) that if there were such statements, they were made as to any

---

$2,459,795.24 against RMC Consultants, and $519,846.10 against RMC Property.  (Doc. #83, ¶ 21.)

5

>material matter, and (vi) that Mr. Ankner knew or had reason to know that any alleged statements made were false or fraudulent.

(Doc. #30, ¶ 26.) The Amended Complaint seeks judgment finding that the imposition of penalties pursuant to § 6700 were erroneous and refunding the amounts paid by plaintiffs.

The United States filed an Answer to Amended Complaint and Counterclaim. (Doc. #34.) The Counterclaim seeks payment of the unpaid portions of the assessed penalties.

### III.

The United States asserts it "will show that Plaintiffs told their customers that by participating in Plaintiffs' plan they could take large tax deductions, which Plaintiffs knew or had reason to know was false." (Doc. #83, p. 1.) "To simplify trial," the United States now moves for partial summary judgment on three aspects of the case, asserting that the following material facts are not "genuinely" disputed:

>1. Plaintiffs "organized (or assisted in the organization of)" a "plan or arrangement" for purposes of § 6700(a)(1)(A)(iii);
>
>2. Plaintiffs may not rely on advice from Jeffrey Bleiweis, if any exists, to show that they did not know, or had no reason to know, that their statements were false or fraudulent for purposes of § 6700(a)(2)(A); and
>
>3. If the jury concludes that Plaintiffs are liable for § 6700(a)(2)(A) penalties, then Plaintiffs are liable for the full amounts of the assessments.

(Id. at 2.)  The United States also asserts that it is entitled to judgment as a matter of law.  (Id.)  Plaintiffs dispute each of the three items.  (Doc. #105.)

### A. Plan or Arrangement

Section 6700 applies to any person who organizes or assists in organizing "any investment plan or arrangement", or "any other plan or arrangement."  26 U.S.C. § 6700(a)(1)(A).  Such a plan is defined "'broadly,' and is satisfied simply by 'selling an illegal method by which to avoid paying taxes.'"  United States v. Stover, 650 F.3d 1099, 1107 (8th Cir. 2011) (quoting United States v. Benson, 561 F.3d 718, 722 (7th Cir. 2009)).  This includes "any entity whose principal purpose is the avoidance or evasion of federal income tax."  United States v. Kaun, 827 F.2d 1144, 1149 (7th Cir. 1987).  The United States asserts that "[b]ecause RMC Group's micro-captive program easily satisfies the very broad definition of 'plan or arrangement,' the Court should enter a summary judgment that RMC Group organized (or assisted in the organization of) a plan or arrangement under § 6700."  (Doc. #83, p. 14.)

Plaintiffs respond that their "business operations as a captive manager do not constitute a 'plan or arrangement' under section 6700."  (Doc. #105, p. 6.)  Plaintiffs argue that their "clients were unrelated to Plaintiffs and unrelated to each other, and Plaintiffs' captive management services were provided to each

7

captive, individually, and not to the captives as a group;" that "[e]ach client simply hired CJA or RMC Consultants to provide management services to their captive;" and that various witnesses testified in depositions that Plaintiffs' captive management services were not a "plan or arrangement" within the meaning of § 6700 because the offered services to help unrelated clients form and manage captive insurance companies was not a unitary program. (Id. at 5-6.)

Viewed in the light most favorable to Plaintiffs, the existence of a "plan or arrangement" is disputed. Additionally, even if the existence of a plan or arrangement was undisputed, defendant would not be entitled to a judgment as to a single element of a claim which does not resolve the entire claim. The motion for summary judgment on this element is denied.

### B. Reliance on Advice from Jeffrey Bleiweis

The United States asserts that Plaintiffs' initial disclosures state that RMC Group intends to rely on advice from General Counsel Jeffrey Bleiweis as a defense to liability. (Doc. #83, p. 14-17.) The United States asserts that "Plaintiffs may not rely on advice from Jeffrey Bleiweis to show that they did not know, or had no reason to know, that their statements were false or fraudulent for purposes of § 6700(a)(2)(A)." (Doc. #83, p. 14.) This is so, the United States argues, because professional advice must come from a competent and independent advisor who does

8

not have a conflict of interest. The United States asserts that Bleiweis had a conflict of interest since he contributed to the design and marketing of the captive insurance program. The United States argues that the Court should grant summary judgment finding Plaintiffs cannot use advice from Bleiweis to show that they did not know or have reason to know that their statements were false or fraudulent. (Doc. #109, p. 2.)

Plaintiffs respond they "are not claiming that they are immune from the section 6700 penalty because they relied on Bleiweis' professional advice." (Doc. #105, p. 7.) Plaintiffs do assert, however, the Bleiweis "will be an essential witness for Plaintiffs, and his credibility should be left to the jury." (Id.) Plaintiffs also state that "[k]nowledge, which is an element of the section 6700 penalty, can only be attributed to a corporation if a shareholder, officer, director, employee or agent has that knowledge. [] While Jeffrey Bleiweis is the Plaintiffs' General Counsel, he is also a corporate officer, employee and agent of the Plaintiffs. His knowledge is relevant because the corporate Plaintiffs could have no knowledge except through him." (Id.)

The Court applies several factors in determining whether a particular defendant had the requisite scienter to violate Section 6700: "(1) the extent of the defendant's reliance upon knowledgeable professionals; (2) the defendant's level of sophistication and education; and (3) the defendant's familiarity

9

with tax matters." United States v. Estate Pres. Services, 202 F.3d 1093, 1103 (9th Cir. 2000). The United States has not cited any controlling authority for the proposition that a conflict of interest precludes testimony, as opposed to simply being a credibility factor. The Court finds that summary judgment on the issue is not appropriate.

### C. Amount of Penalty Assessed

Getting ahead of itself, the United States also wants the Court to assume the jury will conclude Plaintiffs are liable for § 6700(a)(2)(A) penalties, and then determine that Plaintiffs are liable for the full amounts of the assessments. (Doc. #83, p. 17.) The Court declines to do so.

The parties agree that the United States has the burden of proving liability for a § 6700 penalty. (Doc. #83, p. 17 (citing 26 U.S.C. § 6703(a)); Doc. #105, p. 8). The parties also agree that the United States is entitled to a presumption that the calculated amount of the penalty is correct. (Doc. #83, p. 17; Doc. #105, p. 8.) This is a rebuttable presumption, so the promoter bears the burden of establishing error in the calculation.

Since the case involves false or fraudulent statements, plaintiffs are subject to penalties of 50 percent of the gross income derived from the activity. 26 U.S.C. § 6700(a)(2). The government argues that penalty amounts were validly assessed. The United States asserts RMC Property and RMC Consultants do not

10

dispute the amount of the penalty, with the only dispute relating to CJA's gross income and Ankner's gross income. (Doc. #83, p. 18.) Plaintiffs respond there are multiple disputed issues of material fact as to whether the government's calculation of the amount against CJA was proper, since it included amounts not intended for CJA as the conduit for writing agents. (Doc. #105, pp. 8-10.) As to Ankner, plaintiffs argue that he personally provided no services to the captives. "Further, all income 'derived from the captives' would be included in the gross income of CJA, RMC Consultants or RMC Property & Casualty before it worked its way to Mr. Ankner. The government is attempting to double-dip." (Id. at 11.) Plaintiffs further argue that the government is trying to shift the burden to Ankner that he did not receive income from the captives.

The Court concludes that there are material issues of disputed facts which preclude summary judgment on this issue, even if the Court were inclined to provide an advisory opinion on an issue which assumes a certain jury verdict. The motion for summary judgment will be denied.

**IV.**

Plaintiff seeks summary judgment on the entire case, arguing that the United States cannot show that Plaintiffs knowingly made false or fraudulent statements. (Doc. #84, pp. 2, 7.) Plaintiffs argue the statements are in fact true and an accurate reflection

11

of the law. Plaintiffs further argue that some statements attributed to Plaintiffs are the United States' "summary interpretation" of statements, and Plaintiffs followed existing IRS guidance during the years 2010 through 2016. Plaintiffs also argue that there is no genuine issue of fact that Ankner is a life actuary and not a property and casualty actuary, and therefore the government cannot impute knowledge.

In Opposition, the government notes that the motion should be denied for failure to provide a "Statement of Material Facts" and because argument is "based on a woefully incomplete description" of allegations. (Doc. #93, p. 3.) Plaintiff filed a Reply (Doc. #104) arguing that denying the motion would be an extreme sanction "for what amounts to nothing more than a dispute in formatting." (Doc. #104, p. 1.)

While this is more than a formatting dispute, it is clear from the papers submitted by both sides that whether the statements were false or fraudulent is a disputed matter. It is also clear that the record contains ample evidence from which a reasonable jury could find for the United States. Section 6700's "knows or had reason to know" scienter requirement "is satisfied if the defendant had reason to know his statements were false or fraudulent, regardless of what he actually knew or believed." United States v. Hartshorn, 751 F.3d 1194, 1202 (10th Cir. 2014) (citing 26 U.S.C. § 6700(a)(2)(A); United States v. Est. Pres.

12

Servs., 202 F.3d 1093, 1098 (9th Cir. 2000)). Furthermore, a Court may infer the knowledge "a reasonable person in the defendant's subjective position would have discovered" and "the reason to know standard allows imputation of knowledge so long as it is commensurate with the level of comprehension required by the speaker's role in the transaction." United States v. Campbell, 897 F.2d 1317, 1321, 1322 (5th Cir. 1990).

Accordingly, it is now

**ORDERED:**

1. The government's Motion for Partial Summary Judgment (Doc. #83) is **DENIED.**

2. Plaintiffs' Motion for Summary Judgment (Doc. #84) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of February 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record