```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

RAYMOND   ANKNER,   CJA   AND
ASSOCIATES,      INC.,      RMC
PROPERTY & CASUALTY, LTD.,
and RMC CONSULTANTS, LTD.,

       Plaintiffs,

v.                        Case No: 2:21-cv-330-JES-NPM

UNITED STATES OF AMERICA,

       Defendant.
_____

CJA AND ASSOCIATES, INC.,

       Plaintiff,

v.                        Case No: 2:21-cv-331-JES-NPM

UNITED STATES OF AMERICA,

       Defendant.
_____

RMC   PROPERTY   &   CASUALTY,
LTD.,

       Plaintiff,

v.                        Case No: 2:21-cv-333-JES-NPM

UNITED STATES OF AMERICA,

       Defendant.
_____

RMC CONSULTANTS, LTD.,

       Plaintiff,

v.                        Case No: 2:21-cv-334-JES-NPM

UNITED STATES OF AMERICA,

      Defendant.

_____

<u>OPINION AND ORDER</u>

This matter comes before the Court on the parties' cross motions in limine (Docs. ##114, 115, 116, 117) filed on March 11, 2024. Responses (Docs. ##129, 130, 131) were filed thereafter.[1] For the reasons stated at the final pretrial conference and as set forth below, the motions are denied.

**I.**

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." <u>Luce v. United States</u>, 469 U.S. 38, 40 n.2 (1984). These motions "are generally disfavored." <u>Acevedo v. NCL (Bah.) Ltd.</u>, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." <u>Id.</u> "A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." <u>McHale v. Crown Equip. Corp.</u>, No. 8:19-CV-707-VMC-SPF, 2021 WL 4527509, at *1 (M.D. Fla. Oct. 1, 2021)(citing <u>LSQ Funding Grp. v. EDS Field Servs.</u>, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)).

_____

[1] Plaintiffs never filed a Response to the United States' Motion in Limine (Doc. #114).

"Nor may a party use a motion in limine to sterilize the other party's presentation of the case." Harris v. Wingo, No. 2:18-CV-17-FTM-29MRM, 2021 WL 5028201, at *1 (M.D. Fla. Oct. 29, 2021)(cleaned up). Additionally, as the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42.

"A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence," Harris, 2021 WL 5028201, at *1, and does not preserve an issue for appellate review. United States v. Gari, 572 F.3d 1352, 1356 n.2 (11th Cir. 2009). "The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground." United States v. Gonzalez, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." In re Seroquel Prod. Liab. Litig., No. 606MD-1769-ORL-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

**II.**

In its one motion in limine (Doc. #114), the United States argues that because "this suit only involves penalties arising out of [Plaintiffs'] captive plan that existed from 2010 to 2016," this "Court should exclude evidence of [Plaintiffs'] post-2016 redesigned captive plan under Rule 402 or Rule 403." (Doc. #114, pp. 2-3.) In their three motions in limine, the Plaintiffs argue that: (1) any evidence of prior audits, settlement negotiations, or settlements, and their underlying acts, should be excluded under Rule 404 (Doc. #115); (2) under judicial estoppel, the Defendant should be precluded from taking a contradictory position from that taken in another case (Doc. #116); and that (3) Defendant should be precluded from using the term 'tax shelter'. (Doc. #117.) The Court will address each in turn.

### A. Post-2016 changes to captive plan

The United States argues that because "this suit only involves penalties arising out of [Plaintiffs'] captive plan that existed from 2010 to 2016," any evidence of Plaintiffs' post-2016 captive plan is irrelevant, would confuse the issues, mislead the jury, waste the jury's time, and unfairly prejudice the United States under Rules 402 and 403. (Doc. #114.) If for some reason Plaintiffs are allowed to present such evidence, the United States argues, then it should not be limited under Rule 407 from arguing that the post-2016 redesigned plan shows knowledge or reason to know the pre-2016 plan was faulty. (Id. at p.7.)

It is not at all clear that Plaintiffs intend to offer such evidence, or the basis for admissibility if they do.  The parties have not provided enough information to the Court to enable a meaningful pretrial evidentiary ruling.  This motion is denied, and the United States will be required to object to specific questions or exhibits.

### B. Prior Audits, Bad Acts, Settlements

Plaintiffs' first motion in limine seeks to preclude the United States from introducing any evidence of any of Plaintiffs' bad acts "that were the result of audit, negotiation, or settlement . . . ." (Doc. #115, p. 4.)  Plaintiffs fail to identify any specific act or audit or settlement. Without any context, the Court cannot render an in limine ruling. This motion is denied, and Plaintiffs will be required to object to specific questions or exhibits.

### C. Judicial Estoppel

Plaintiffs' motion in limine seeking to apply judicial estoppel points to the following statement allegedly made by counsel for the IRS in Kadau v. Comm'r, 286-21 (T.C.), a separate case involving one of Plaintiffs' clients:

> So that leaves only Mr. Ankner's RMC Group on whom Petitioners could have relied for advice about the proper tax treatment of its micro-captive insurance program. But Petitioners face at least two problems, Your Honor, if they identify RMC Group and Raymond Ankner as the advisors on whom they relied. First, although much of the promotional material used by RMC Group do

contain statements about the tax treatment of the arrangements, they also contain prominent disclaimers and clear recommendations that participants should consult their own tax and legal advisors. So any reliance by Petitioners on RMC Group, in light of such, at best, ambiguous and conflicting information, was not reasonable.

(Doc. #116, p. 2)(quoting Ex. A Tr. 55:16-25; 56:1-3).[2] Plaintiffs seek that "Defendant be judicially estopped from asserting that Plaintiffs failed to provide prominent disclaimers in advertising, failed to recommend that captive clients seek advice from tax experts regarding the tax treatment of their captive insurance companies and that tax-related statements made by Plaintiffs were sufficient tax advice for clients to rely on." (Id. at p. 5.)

"Judicial estoppel is an equitable doctrine" that "applies when a party advances a legal or factual position in one court, and the court relies on the position in deciding an issue," and "[a]t the same time or later in another court, the party advances an entirely new legal or factual position— one that is contrary to the position advanced in the first court." In re Fundamental Long Term Care, Inc., 81 F.4th 1264, 1326 (11th Cir. 2023). "The purpose of judicial estoppel is 'to protect the integrity of the judicial process by prohibiting parties from changing positions according to the

---

[2] This is the exhibit cited by Plaintiffs in their motion but no Exhibit A nor any other Exhibit is attached to the motion.

exigencies of the moment.'" Robinson v. Tyson Foods, Inc.,
595 F.3d 1269, 1273 (11th Cir. 2010)(quoting New Hampshire v.
Maine, 532 U.S. 742, 749 (2001)).

In federal question jurisdiction cases such as this one,
"[j]udicial estoppel applies when (1) a party takes an
inconsistent position under oath in a separate proceeding,
and (2) the party's inconsistent positions were 'calculated
to make a mockery of the judicial system.'" Silva v. Pro
Transp., Inc., 898 F.3d 1335, 1339 (11th Cir. 2018)(quoting
Slater v. U.S. Steel Corp., 871 F.3d 1174 (11th Cir. 2017)
(en banc)). "Under this test, a district court considers both
the plaintiff's actions—whether he made inconsistent
statements—and his motive—whether he intended to make a
mockery of the judicial system." Slater, 871 F.3d at 1181. In
analyzing the second prong, "the district court must consider
all the facts and circumstances in determining whether the
[party] acted with the intent to make a mockery of the
judicial system" and "whether [the party] intended to mislead
the court . . . ." Id. at 1180, 1186.

Judicial estoppel does not apply here for several
reasons. First, Plaintiffs do not argue or show any evidence
that the previous statement was made under oath. They thus
fail to carry their burden as to the first prong. Plaintiffs
do not even remotely argue the second prong, let alone

identify any fact or circumstance that shows Defendant's
positions were calculated to mislead or make a mockery of the
judicial system. Because "judicial estoppel is applied only
when a party acted with a sufficiently culpable mental state,"
Plaintiffs cannot invoke the doctrine "without establishing
such misconduct." Id. at 1186, 1188. Alone,
"[i]nconsistencies in a party's position over time do not
threaten the integrity of the federal courts." [3] Smith v.
Haynes & Haynes P.C., 940 F.3d 635, 648 (11th Cir. 2019).
Since neither prong is satisfied, judicial estoppel fails to
apply.

### D. Tax Shelter

Plaintiffs' motion in limine to preclude Defendant from using
the term 'tax shelter' is unpersuasive. "I.R.C. § 6700 authorizes
civil penalties against certain persons '[p]romoting abusive tax
shelters.'" Nagy v. United States, 519 F. App'x 137, 140 n.3 (4th

---

[3] Plus, as Plaintiffs admit, it has yet to be determined
whether the IRS's position in Kadau is successful (Doc. #116, p.
3) or even if that tax court will rely on that position. "Absent
success in a prior proceeding, a party's later inconsistent
position introduces no 'risk of inconsistent court determinations'
and thus poses little threat to judicial integrity." New Hampshire,
532 U.S. 742, 750-51 (internal citation omitted). Though not
specifically outlined in the Eleventh Circuit's justiciable
estoppel test, "the two factors applied in the Eleventh Circuit
are consistent with the Supreme Court's instructions referenced
above." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th
Cir. 2002), overruled by Slater on other grounds, 871 F.3d 1174,
1185 n.10 (11th Cir. 2017)("We do not overrule these cases
entirely.").

Cir. 2013)(alteration in original)(quoting 26 U.S.C. § 6700). A tax shelter is defined as "[a] financial operation or investment (such as a partnership or real-estate investment trust) that is created primarily for the purpose of reducing or deferring income-tax payments." TAX SHELTER, Black's Law Dictionary (11th ed. 2019).[4] The term "tax shelter in a general sense . . . . [I]n and of itself[,] is not prejudicial enough to merit a blanket injunction on its use . . . ." Cooper v. Pac. Life Ins. Co., No. CV203-131, 2007 WL 430656, at *1 (S.D. Ga. Feb. 6, 2007).

Accordingly, it is hereby

**ORDERED:**

1. The Defendant's Motion in Limine (Doc. #114) is **DENIED.**

2. Plaintiffs' Motion in Limine (Doc. #115) is **DENIED.**

3. Plaintiffs' Motion in Limine (Doc. #116) is **DENIED.**

4. Plaintiffs' Motion in Limine (Doc. #117) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___1st___ day of April, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[4] Courts may look at popular and legal dictionaries to determine the ordinary meaning of a word. Spencer v. Specialty Foundry Prod. Inc., 953 F.3d 735, 740 (11th Cir. 2020).