UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYMOND ANKNER, CJA AND ASSOCIATES, INC., RMC PROPERTY & CASUALTY, LTD., and RMC CONSULTANTS, LTD.,

    Plaintiffs,

v.                    Case No: 2:21-cv-330-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.
_____

CJA AND ASSOCIATES, INC.,

    Plaintiff,

v.                    Case No: 2:21-cv-331-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.
_____

RMC PROPERTY & CASUALTY, LTD.,

    Plaintiff,

v.                    Case No: 2:21-cv-333-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.
_____

RMC CONSULTANTS, LTD.,

    Plaintiff,

v.                    Case No: 2:21-cv-334-JES-NPM

UNITED STATES OF AMERICA,

        Defendant.

_____

**JURY INSTRUCTIONS**

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

**Preliminary Instructions**

The fact that corporations or other business entities and a governmental entity are involved as parties must not affect your decision in any way.

Corporations, other business entities, governmental entities, and all other persons stand equal before the law and must be dealt

1

with as equals in a court of justice. When a corporation or other business entity is involved, of course, it may act only through people as its employees; and, in general, a corporation or other business entity is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional

4

deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.  But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**Burdens of Proof**

It is the responsibility of the United States to prove by a "preponderance of the evidence" that Plaintiffs are liable for penalties for promoting an abusive tax shelter.  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" means an amount of evidence that is enough to persuade you that the legal claim is more likely true than not true.

If the proof fails to establish by a preponderance of the evidence that a Plaintiff is liable on a particular legal claim, you should find against the United States as to that legal claim.

If you find the United States satisfied its burden that penalties apply to Raymond Ankner or CJA & Associates, Inc. or both, you must then determine whether the penalty amounts as to that party or parties is correct. The amounts are presumed to be correct. It would be the responsibility of Raymond Ankner and/or CJA & Associates, Inc. to prove by a preponderance of the evidence that the amounts of the respective penalties are incorrect. If either or both Raymond Ankner or CJA & Associates, Inc. satisfy their burden on their respective legal claim, you will calculate the appropriate amounts of the penalties. If they do not meet their burden on a particular legal claim, the current amount assessed as to that legal claim is correct and you will not need to recalculate it.

When more than one legal claim is involved, you should consider each legal claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

**Elements of an Abusive Tax Shelter**

The United States asserts that Plaintiffs Raymond Ankner, CJA & Associates, Inc., RMC Property & Casualty Co., Ltd., and RMC Consultants, Ltd. are liable for civil penalties under Section 6700 of the Internal Revenue Code for promoting an abusive tax shelter from 2010 through 2016.

Section 6700 of the Internal Revenue Code imposes a penalty on any person if:

(1) the person organizes or assists in the organization of any plan or arrangement, or participates, either directly or indirectly, in the sale of any plan or arrangement; and

(2) the person makes or furnishes, or causes another person to make or furnish, a false or fraudulent statement regarding tax benefits; and

7

    (3) the person knows or has reason to know the statement is false or fraudulent; and

    (4) the statement is material.

The United States must prove each of these elements by a preponderance of the evidence. The Court will discuss each of these requirements in more detail.

### "Person"

A "person" includes natural persons, corporations, and other business entities.

### Organize, Assist, or Participate in Plan or Arrangement

The first element requires the person to organize or assist in the organization of a plan or arrangement, or to participate directly or indirectly in the sale of any plan or arrangement. The terms "plan" and "arrangement" are broadly defined to include any plan or arrangement having some connection to securing a tax benefit.

8

**False or Fraudulent Statement**

The second element requires the person to make or furnish a false or fraudulent statement regarding tax benefits or cause another person to make or furnish such a statement. The person may make or furnish a statement either orally or in writing, including by creating or providing written materials. The person may make or furnish a statement through an authorized employee or agent.

A statement is false or fraudulent if it is untrue or misleading when made. A statement can be false or misleading because of what it says, or fails to say, or both.

For a plan or arrangement to constitute "insurance," it must involve risk distribution. If an entity does not distribute sufficient risk, its policies do not qualify as "insurance" for tax purposes.

To be considered "insurance," the risk distribution requirement for a particular subsidiary is satisfied if:

1) The insurance premiums the subsidiary earned from its parent company accounted for less than 50 percent of the total insurance premiums that subsidiary earned during the tax year; and

9

2) The liability coverage the subsidiary provided to its parent company accounted for less than 50 percent of the total risk the subsidiary accepted.

**Knows or has Reason to Know**

The third element requires the person to know or have reason to know the statement was false or fraudulent. That is, the person must either actually know that a statement was false or fraudulent, or the person must have had reason to know that the statement was false or fraudulent, regardless of what the person actually knew or believed.

To determine whether the person actually "knows" that a statement was false or fraudulent, you may consider all the surrounding facts and circumstances, including all relevant testimony and exhibits received as evidence.

The person has "reason to know" something that a reasonable person in that person's position should have known or would have discovered. You may consider the person's role in the business entity and the level of understanding required for such a role. You may consider the person's level of sophistication and education, the person's familiarity with tax matters, information

10

the person received from knowledgeable professionals, and any conflict of interest the professional may have had. You may infer that the person has knowledge of the law governing the tax benefits the person promotes.

### Material Statement

The fourth element requires the statement to be material. A statement is material if it would have a substantial impact on the decision-making process of a reasonably prudent investor. A statement may be material even if the listener does not rely on the statement or participate in a transaction.

If you find the United States has not proved any of these elements by a preponderance of the evidence as to a Plaintiff, then your verdict is for that Plaintiff.

If you find the United States has proved each of these elements by a preponderance of the evidence as to RMC Property & Casualty, Ltd. or RMC Consultants, Ltd., or both, you do not need to determine the amount of the penalties against them. The calculation of such penalties is not disputed.

**Calculation of Amount of Penalties**

But if you find the United States has proved each of these elements by a preponderance of the evidence as to Raymond Ankner or CJA & Associates, Inc., or both, you will be required to determine the amount of the penalties against them since the calculation of such penalties are disputed. Remember that you must presume that the penalty amounts that the United States assessed against Raymond Ankner and CJA & Associates, Inc. are correct. The monetary penalty is equal to 50 percent of the total gross income received or expected to be received from the plan or arrangement by the person on whom the penalty is imposed. Gross income means income without subtracting any expenses. Commissions related to captive insurance are included in gross income. Raymond Ankner and CJA & Associates, Inc. have the burden of proving by a preponderance of the evidence that the assessed amounts are incorrect. They can do so by showing how much gross income they received or expected to receive from any involvement in a plan or arrangement for the pertinent tax year.

If you conclude that either Raymond Ankner or CJA & Associates, Inc. satisfied their burden, then you must recalculate the amount of their penalty. You must find a penalty which is equal to 50 percent of the amount of gross income you determined the person to have received or expected to receive.

If you conclude that one or both of Raymond Ankner or CJA & Associates, Inc. failed to satisfy their burden, then you must find that the penalties are in the amounts assessed by the United States as to that person and you should not recalculate them.

**Concluding Instructions**

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.