UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYMOND ANKNER, CJA AND ASSOCIATES, INC., RMC PROPERTY & CASUALTY, LTD., and RMC CONSULTANTS, LTD.,

    Plaintiffs,

v.                                   Case No: 2:21-cv-330-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.

---

CJA AND ASSOCIATES, INC.,

    Plaintiff,

v.                                   Case No: 2:21-cv-331-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.

---

RMC PROPERTY & CASUALTY, LTD.,

    Plaintiff,

v.                                   Case No: 2:21-cv-333-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.

---

RMC CONSULTANTS, LTD.,

    Plaintiff,

v.                                   Case No: 2:21-cv-334-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Reconsideration Regarding Order (Doc. #164), filed on December 17, 2024. Plaintiffs seek reconsideration of the November 19, 2024, Opinion and Order (Doc. #163) denying their prior Motion on Entitlement to Reasonable Litigation Fees/Costs. The United States filed an Opposition to RMC Group's Motion for Reconsideration (Doc. #167) on January 8, 2025.

This case went to trial before a jury and, as the Court previously found, "the RMC Group substantially prevailed in the court proceeding with respect to both the amount in controversy and the most significant issue or set of issues presented in the case." (Doc. #163, p. 9.) Because of this, "plaintiffs qualify as prevailing parties under 26 U.S.C. § 7430(a), unless another statutory provision requires otherwise." (Id.) Another such statutory provision included Section 7430(c)(4)(B), which provides an exception to the general prevailing party definition: "A party shall not be treated as the prevailing party ... if the United States establishes that the position of the United States in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B). The Court found the position of the United States

- 2 -

was substantially justified and denied plaintiffs' request for attorney fees. (Id. at 16-21.)

Plaintiffs now ask the Court to reconsider this Order pursuant to Fed. R. Cv. P. 59(e) and/or 60(b)(1), (2), and (6) (Doc. #164, p. 3), vacate the Order, and grant their motion for attorney fees. (Id. at 7-8.)  For the reasons set forth below, the motion is denied.

**I.**

Rule 59(e) provides that a party may file "[a] motion to alter or amend a judgment" within a certain time period. Fed. R. Cv. P. 59(e).  "'The only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact.'" MacPhee v. MiMedx Group, Inc., 73 F.4th 1220, 1250 (11th Cir. 2023) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999))). A "'Rule 59(e) motion cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment.'" MacPhee, 73 F.4th at 1250 (quoting King, 500 F.4th at 1343 (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005))). This includes new arguments that were previously available but not asserted. Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998). Whether to alter or amend a judgment or final order is addressed to the sound discretion of the district court. MacPhee, 73 F.4th

at 1151; Cummings v. Dep't of Corr., 757 F.3d 1228, 1234 (11th Cir. 2014); Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six specifically identified reasons. Fed. R. Civ. P. 60(b)(1)-(6). "The purpose of a Rule 60(b) motion is 'to permit the trial judge to reconsider matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal.'" Carter ex rel. Carter v. United States, 780 F.2d 925, 928 (11th Cir. 1986) (citation omitted). "Rule 60(b) has vested the district courts with the power 'to vacate judgments whenever such action is appropriate to accomplish justice.'" Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). Nonetheless, a Rule 60(b) motion is intended "only for extraordinary circumstances" and the requirements of the rule must be strictly met. Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). A Rule 60(b) motion cannot be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of the final order or judgment. Cummings, 757 F.3d at 1234; Wilchombe, 555 F.3d at 957. Motions under Rule 60(b) are directed to the sound discretion of the district court." MacPhee, 73 F.4th at 1251, Griffin, 722 F.2d at 680.

Here, plaintiffs rely only upon three subparts of Rule 60(b). Under Rule 60(b)(1) a party may seek relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Cv. P. 60(b)(1); MacPhee, 73 F.4th at 1251. "The party seeking relief under Rule 60(b)(1) must provide a justification so compelling that the district court had to vacate the challenged order." Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic, 788 F.3d 1329, 1343 (11th Cir. 2015) (citation omitted).

Under Rule 60(b)(2) a party may seek relief from a final judgment or order if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To obtain relief based upon newly discovered evidence under Rule 60(b)(2), the moving party "must show that (1) the evidence is newly discovered since the trial; (2) he exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result." Willard v. Fairfield S. Co., Inc., 472 F.3d 817, 824 (11th Cir. 2006)(citations omitted). "Evidence that would not produce a new result cannot merit relief under Rule 60(b)(2)." Imperato v. Hartford Ins. Co., 803 F. App'x 229, 231 (11th Cir. 2020) (citing Willard, 472 F.3d at 824).

Under Rule 60(b)(6) a party may seek relief from a final judgment or order "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "The party seeking relief has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result." Griffin, 722 F.2d at 680 (citing United States v. Swift & Co., 286 U.S. 106 (1932)).

Rule 60(b)(1) and Rule 60(b)(6) "are mutually exclusive," and "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (citation omitted). See also MacPhee, 73 F.4th at 1251 (citations omitted).

## II.

Plaintiffs argue that the Court applied an overly lenient standard when determining that the government's position was substantially justified. Plaintiffs argue that the failure to distribute risk was not dispositive, nor a required element of the case, and does not mean that the government would have prevailed because "the most significant issue presented in the case: whether Plaintiffs made a statement, "which they knew or had reason to know was false or fraudulent." (Doc. #164 at 3-5.)

In the Opinion and Order, the Court considered prior rulings, the jury verdicts, and the evidence at trial, but recognized that it must make an independent determination of whether the government's position was substantially justified. (Doc. #163 at

17.) The Court found that the "verdicts were not a referendum on the reasonableness of the government's position" and therefore not determinative. (Id.) The Court found the government proved its positions were substantially justified, including the key position that the captive program did not qualify as insurance, and that the risk-distribution was missing. (Id. at 18.) None of the Rules relied upon by plaintiffs provide a basis for reconsideration.

Plaintiffs also argue that "the Court gives short shrift to Plaintiffs' reliance on IRS Revenue Ruling 2002-89 and whether the government's position at trial was consistent with the holding of that revenue ruling." (Doc. #164 at 6.) The Court found that "Revenue Ruling 2002-89 does not preclude the IRS from resolving issues involving such "insurance" which does not satisfy the risk-distributing element." (Doc. #163 at 20.) The Court found no evidence that the IRS took a different position from its own guidelines and rulings. (Id. at 21.) Plaintiffs' disagreement with the Court provides no basis for reconsideration under any of the Rules they rely upon.

Plaintiffs argue that the IRS and the Court are limited to information that existed between 2010 and 2016, including the law available at the time. (Doc. #164 at 6.) The Court specifically noted "[c]ontrary to plaintiffs' argument, neither the IRS nor the Court is limited to information that existed between 2010 and

2016." (Doc. #163 at 21.) The more recent caselaw was provided to show the trend of supporting the IRS's legal position regarding micro-captives, not to support the finding that the government was substantially justified. Again, none of the Rules relied upon by plaintiffs support reconsideration.

The Court finds that neither Rule 59(e) nor Rule 60(b)(1), (2), or (6) provide a basis to reconsider the prior Order.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Reconsideration Regarding Order (Doc. #164) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record